UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **EVELYN C. JEANE, ET AL.** | : | **CIVIL ACTION NO. 2:17-cv-0891** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **WAL-MART STORES, INC.; ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court are Motions for Summary Judgment [docs. 109, 113] filed, respectively, by maintenance subcontractor Master Technicians and Mechanical, LLC ("Master Tech") and its insurer, Federated Service Insurance Company ("Federated") (collectively, "movants"). The motions relate to defendant Wal-Mart Stores, Inc. and Wal-Mart of Louisiana, LLC's ("Wal-Mart") cross-claim against Master Tech for defense and indemnity.

**I.**
**BACKGROUND**

This action arises from an accident allegedly suffered by plaintiff Evelyn C. Jeane at a Wal-Mart store in Leesville, Louisiana, in June 2016. Doc. 1. She alleges that she was injured after slipping in the produce aisle, in a liquid possibly spilled by Master Tech. Doc. 1, att. 2, p. 4. Accordingly, Jeane and her husband filed suit against Wal-Mart, Master Tech, and Federated in the 30th Judicial District Court, Vernon Parish, Louisiana, on May 30, 2017. *Id.* at 3–7. Wal-Mart then removed the suit to this court based on federal diversity jurisdiction, 28 U.S.C. § 1332.

Wal-Mart filed a cross-claim (and amendments thereto) against movants, alleging that they are contractually obligated to defend and indemnify Wal-Mart in this suit under the terms of Wal-

Mart and Master Tech's Master Service Agreement ("MSA"). Docs. 20, 31, 103. Movants now request summary judgment on this cross-claim. Docs. 109, 113. Master Tech asserts that the indemnification clause of the MSA is unenforceable as a matter of law. Doc. 109, att. 1. Federated maintains that Wal-Mart does not qualify as an additional insured under the policy it issued to Master Tech. Doc. 113, att. 1. Wal-Mart opposes both motions, which are now fully briefed and ripe for review.

## II.
### SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2511 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 106 S.Ct. at 2511 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S.Ct. 2097, 2110 (2000). The court is also required to view all evidence in the light most favorable to the non-

moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
### APPLICATION

#### A. *Enforceability of Indemnification Clause*

Master Tech argues that the MSA's indemnification provision is unenforceable under applicable state law, because it "purports to require Master Tech to indemnify Wal-Mart for its own fault." Doc. 109, att. 1, p. 2.

The MSA contains an Arkansas choice of law provision, though Master Tech asserts that Louisiana law must apply. *Id.*; *see* doc. 109, att. 5 (MSA). Master Tech also argues that the indemnity clause of the MSA[1] is void under both Louisiana and Arkansas anti-indemnity statutes, which nullify indemnification clauses in construction contracts that require indemnification of a party for its own negligence. Wal-Mart, however, makes no express claim that it is entitled to indemnity for its own negligence under the MSA and instead frames its indemnity claim with allegations that Jeane's injuries were caused by Master Tech's negligent handling of the cooler. *See* doc. 103, pp. 2–3. It has not sought summary judgment on this issue, in order to show that it is entitled to indemnity before an apportionment of fault has even been determined. Finally, it concedes in its opposition to this motion that "the MSA does *not* require Master Tech to indemnify Wal-Mart for Wal-Mart's own negligence." Doc. 131, pp. 8, 10.

---

[1] The indemnification clause provides, in relevant part, that Master Tech "shall protect, defend, hold harmless and indemnify Wal-Mart . . . from and against any and all lawsuits, claims . . . costs and expenses . . . that may be asserted by any person or entity, regardless of the cause or alleged cause thereof . . . arising out of any alleged: . . . b) death of, or injury to, any person, damage to any property, or any other damage or loss, by whomsoever suffered, resulting or alleged to result in whole or in part from the Services or this Agreement . . . ." Doc. 109, att. 5, p. 4.

Under both Louisiana and Arkansas law, a clause only requires indemnification of a party for its own negligence if it expresses an intent for same in unequivocal terms. *Thomas v. CF Indus., Inc.*, 750 F.Supp. 763, 764–65 (M.D. La. 1990) (citing *Polozola v. Garlock, Inc.*, 343 So.2d 1000, 1003 (La. 1977)); *Arkansas Kraft Corp. v. Boyed Sanders Const. Co.*, 764 S.W.2d 452, 453–54 (Ark. 1989). Jurisprudence from both states holds that an obligation to indemnify another for his own negligence is an extraordinary one, and thus requires clear terms to which no other meaning can be ascribed. *Arkansas Kraft Corp.*, 764 S.W.2d at 453; *Polozola*, 343 So.2d at 1003.

Under this authority, sweeping language relating to the potential cause of covered losses but making no mention of the parties' potential fault is generally insufficient to show such intent. *See Chevron U.S.A., Inc. v. Energen Res. Corp.*, 2009 WL 2390311, at *3 (M.D. La. Aug. 4, 2009); *Wal-Mart Stores, Inc. v. Black & Decker (U.S.), Inc.*, 2009 WL 2524570, at *3 (W.D. Ark. Aug. 17, 2009). Additionally, those cases lacked the indemnitee's disclaimer that the clause did **not** cover its own negligence. Given the potential ambiguity of the terms and the indications here as to Wal-Mart's own intent with respect to the provision, the indemnity clause cannot be read in this matter as requiring indemnification of Wal-Mart for its own negligence. Accordingly, there is no basis for voiding the clause under the Louisiana or Arkansas laws cited above and MSA's motion for summary judgment on this claim must be denied.

### B. Whether Wal-Mart is Covered by Federated's Policy

Federated contends that Wal-Mart is not an "additional insured" under Federated's policy with Master Tech because Master Tech had completed its covered work at the Leesville Wal-Mart before the plaintiff's accident occurred. Doc. 113, att. 1. Wal-Mart opposes summary judgment on this basis, asserting an issue of material fact as to the completion of the work. Doc. 130.

### 1. Choice of law

Under *Erie Railroad Co. v. Tompkins*, 58 S.Ct. 817 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *See Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). This includes the forum state's choice of law provisions. *Klaxon Co. v. Stentor Elec. Mfg.*, 61 S.Ct. 1020 (1941). If there is no conflict between the substantive law of the forum states, however, then no choice of law analysis is necessary and the court simply applies the law of the forum state. *Schneider Nat'l Transp. Co. v. Ford Motor Co.*, 280 F.3d 532, 536 (5th Cir. 2002).

Federated acknowledges that the policy was issued to an Arkansas company and that the claim concerns another Arkansas company's coverage thereunder. Doc. 113, att. 1, p. 5. It asserts that Louisiana law should apply because the coverage dispute relates to a party injured in Louisiana. *Id.* It maintains, however, that the result should be the same under either Arkansas or Louisiana law. *Id.* Wal-Mart forgoes briefing on this issue and asserts that "the giant issue of fact" about the status of Master Tech's work at the time of the accident precludes summary judgment no matter what law applies. Doc. 130, p. 4.

This claim is a simple matter of contract interpretation. Neither party shows a conflict between Louisiana law and the law of any other state that might apply. Accordingly, the court will consider the claim under Louisiana law.

### 2. Application

Federated's policy specifies to Master Tech that it automatically includes as an additional insured "any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or

organization be added as an additional insured under your policy." Doc. 113, att. 6, p. 32. It further provides, however, that:

- additional insured status only extends to liability for damages caused in whole or in part by Master Tech or its agents' acts or omissions "[i]n the performance of your ongoing operations for the additional insured." *Id.*

- an entity's status "as additional insured under this endorsement ends when your operations for that additional insured are completed." *Id.*

- The policy does not cover bodily injury or property damage occurring after "[a]ll work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the location of the covered operations has been completed."

*Id.* at 33.

Interpreting a similar set of limitations in an additional insured endorsement, one Louisiana court recently drew from the Fifth Circuit's emphasis on the distinction between damages arising from ongoing versus completed operations. *Chatelain v. Fluor Daniel Constr. Co.*, 179 So.3d 791, 796–97 (La. Ct. App. 4th Cir. 2015) (citing *Carl E. Woodward, LLC v. Acceptance Indem. Ins. Co.*, 743 F.3d 91 (5th Cir. 2014)). In *Woodward*, the Fifth Circuit endorsed the proposition that, under such a clause, "claims for liability can be brought after ongoing operations are complete, but the underlying liability cannot be due to the 'completed operations.'" 743 F.3d at 99. It affirmed the district court's grant of summary judgment that the policy did not accord "additional insured" status to a subcontractor based on allegations it had built non-conforming concrete piers which later damaged the completed building, when there was no showing that the non-conforming work had caused damages before the building was finished. *Id.* at 99–101.

Accordingly, the parties in this matter agree that the issue turns on whether the subcontractor had completed operations at the time of the accident. Federated asserts that any of

Master Tech's liability arises from its completed work, while Wal-Mart maintains that the work was incomplete. Federated admits that on June 22, 2016 (the day of the fall), Wal-Mart requested that Master Tech conduct repairs on a leaking drain in the produce section of the store pursuant to the MSA. Doc. 113, att. 1, p. 2; *see* doc. 109, att. 6. Wal-Mart's service order described the issue as an emergency, noting that "[t]he floor drain is clogged by our produce wet vegetable case" and that the clog was "causing water to soak into the rugs in the area and causing a potential safety risk." Doc. 109, att. 6, p. 2. Master Tech's technician arrived that morning. *Id.* at 2–3. He recorded that he had cleaned and flushed the drain and that "everything is working as it should." *Id.* at 3. Master Tech's paperwork shows that the technician checked out at 11:05 am, while surveillance footage shows the technician leaving the repair area at 10:56 am. *Id.*; *see* doc. 122, att. 4 (video).[2] The surveillance footage then shows Evelyn Jeane slipping in an adjacent aisle at about 11:06 am. Doc. 122, att. 4.

      Wal-Mart asserts that the work was not complete because Master Tech's work site had not yet been inspected, and alleges that the hazardous condition on the floor arose at least in part from the technician's failure to properly clean the area. Doc. 130, p. 4. To this end it provides evidence that the Wal-Mart employee who signed the technician's job card at 11:05 am had not inspected his work [doc. 130, att. 3, pp. 2–3], that the cooler kept leaking after the technician left the site on June 22 [doc. 130, att. 4, p. 16; doc. 130, att. 5, p. 9], and that a Master Tech employee went back to the site on June 23 after the company received an "unsatisfactory" alert from Wal-Mart [doc. 130, att. 6, pp. 14, 17]. Under this evidence the court cannot determine whether the task was sufficiently accomplished to rate as "complete" under the parties' service agreement or whether

---

[2] Both parties summarize the surveillance footage. *See* doc. 113, att. 1, p. 2; doc. 130, pp. 2–3. Federated does not cite to the location of this footage in the record, but Wal-Mart cites to the video filed as manual attachment by defendant Aramark in its own motion for summary judgment. *See* doc. 122, att. 4.

Master Tech's work at the store was ongoing at the time of Jeane's accident. Accordingly, we cannot resolve whether Wal-Mart qualifies as an additional insured under the policy and summary judgment must be denied as to this claim.

## IV.
### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motions for Summary Judgment [docs. 109, 113] be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 17th day of April, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE