# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **EVELYN C. JEANE, ET AL.** | : | **CIVIL ACTION NO. 2:17-cv-0891** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **WAL-MART STORES, INC.; ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion to Compel [doc. 120] filed by plaintiffs Evelyn C. Jeane and Willie C. Jeane, Jr., against defendants Aramark Uniform & Career Apparel, LLC, and its insurer ACE American Insurance Company (collectively, "Aramark"). The motion is opposed. Doc. 136.

This action arises from an accident suffered by plaintiff Evelyn C. Jeane at a Wal-Mart store in Leesville, Louisiana, on June 22, 2016. Doc. 1, att. 2, p. 3. She alleges that she was injured after slipping in the produce aisle, in a liquid spilled as a result of a leaking produce cooler and/or through repair of same by Wal-Mart's maintenance subcontractor, Master Technicians and Mechanical, LLC ("Master Tech"). *Id.* at 4. Accordingly, Jeane and her husband filed suit against Wal-Mart, Master Tech, and Master Tech's insurer in the 30th Judicial District Court, Vernon Parish, Louisiana, on May 30, 2017. *Id.* at 3–7. Wal-Mart then removed the suit to this court based on federal diversity jurisdiction, 28 U.S.C. § 1332. In May 2018, after reviewing video surveillance that showed an Aramark employee handling potentially wet mats near the accident site, plaintiffs filed a first supplemental and amending petition raising claims against Aramark (Wal-Mart's floor mat vendor) and its insurer, ACE. Doc. 36.

On January 29, 2019, the plaintiffs propounded on Aramark a set of four requests for production of documents in which they sought Aramark's "Facility-Specific Safety Policies and Procedures" and "Facility Safety Programs" for the company's facilities in Longview, Texas, and Shreveport, Louisiana. Doc. 120, att. 2. They base their belief in these documents' existence on statements contained in a general Aramark Safety Policy, which provides in relevant part that the safety coordinator at each facility is "responsible for the facility-specific safety policies and procedures." *See* doc. 120, att. 4, p. 1. Further down, however, Aramark details the respective safety responsibilities of managers and supervisors, safety coordinators, and employees at large. *Id.* at 5. There it makes no mention of any employee or facility's obligation to develop site-specific rules or procedures. Instead, it provides generally that the three categories are responsible for becoming familiar with general Aramark safety policies and applicable federal, state, and local laws, and carrying out/ensuring the completion of certain tasks under those policies and regulations. *Id.*

Aramark responded to the RFPs by stating that it had no responsive documents and that the Shreveport and Longview facilities follow the company's general safety guidelines. Doc. 120, att. 3. Plaintiffs now move to compel production of the requested documents. Doc. 120, att. 1. Alternatively, in the event no such documents exist, they request that Aramark "certify to the search(es) conducted and further certify that no responsive documents which related in any way" to site-specific policies or programs at the Shreveport or Longview facilities exist. *Id.* at 3. In response, Aramark reiterates that no responsive documents exist and that the facilities in question follow the company's general guidelines. Doc. 136. They also describe their search, which involved contacting Aramark's assistant general manager and the managers at the Shreveport and Longview facilities. *Id.* at 1–2. Plaintiffs have filed no reply.

Aramark cannot be made to produce what it does not have. The search described and responses offered fulfill its obligations under Federal Rule of Civil Procedure 34. Accordingly, the Motion to Compel [doc. 120] must be **DENIED**.

THUS DONE AND SIGNED in Chambers this 25th day of April, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE